# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

Case No.:

**MATHEW J. WHEELER and**
**CINDY M. WHEELER,**

    Plaintiffs,

v.

**REV RECREATION GROUP,**

    Defendant.

_____/

## DEFENDANT REV'S NOTICE OF REMOVAL

The Petitioner/Defendant, REV Recreation Group, Inc. [hereinafter Defendant "REV"], removes this action from the Seventeenth Circuit Court in and for Broward County, Florida, under 28 U.S.C.A. §1441, *et seq.* In support, Defendant REV states:

    1.    On or about May 19, 2023, Plaintiffs filed an initial Complaint against Defendant REV Recreation Group, Inc. in the Seventeenth Circuit Court in and for Broward County, Florida, Case No.: 23-CA-13816, seeking damages and other relief allegedly arising out of their purchase, use and ownership of a 2021 Fleetwood Flair motor home [hereafter, "subject Vehicle") which they acquired at

a total cost of approximately $134,119.00.  See, Complaint, PP. 9.

2. On or about June 14, 2023 Defendant REV was served with the Complaint and timely files this Notice Of Removal within thirty (30) days thereafter.  (See, Complaint).

3. Count I of the Complaint against Defendants is pled as a claim arising under a law of the United States, the federal Magnuson Moss Warranty Act, 15 U.S.C. § 2301 et. seq. ("Mag Moss Act"). Accordingly, this United States District Court has original jurisdiction of this claim, and removal of it is proper pursuant to 15 U.S.C. § 1441(b).  See, Neill v. Gulf Stream Coach, Inc., 966 F. Supp. 1149 (M.D. Fla. 1997).

4. As to federal question jurisdiction under 15 U.S.C. § 1441, the district courts are vested with original jurisdiction over actions brought under the Mag Moss Act where "the amount in controversy is [not] less than the sum or value of $50,000.00 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit...".   15 U.S.C. § 2310(d)(1) & (3).

5. In the instant case, in Paragraph 3, Plaintiffs' Complaint expressly alleges:

> **This is an action seeking damages in excess of $50,000, exclusive of attorneys' fees and court costs**... (emphasis in bold)

Premised upon this jurisdictional allegation alone, the amount in controversy in this action exceeds the requisite $50,000.00 threshold for federal question subject matter jurisdiction in this Court.

6. Moreover, in Paragraph 51C of the Complaint, Plaintiffs additionally pray for judgment against Defendant, for:

> An amount equal to the price of the subject Vehicle plus all collateral charges;

According to Plaintiffs, their contract "price" of the subject Vehicle totaled **$134,110.00** and Paragraph 9 alleges the "total cost of the Vehicle with all collateral charges totaled approximately **$137,509.69**. See, Complaint, Paragraphs 9 & 10.

7. Consequently, based on the express allegations from the face of the Complaint, the amount in controversy in this action exceeds the requisite $50,000 threshold for federal question subject matter jurisdiction.

8. Pursuant to 28 U.S.C. §§ 1367 & 1441©, this Court has supplemental jurisdiction over the other state law claim commingled into Count II of the Complaint against Defendant.

9. Defendant REV has timely removed this action pursuant to 28 U.S.C.A. §1446(b) and Fed. R. Civ. P. 81© by filing this Notice Of Removal, so as not to waive its right to remove this action to federal court.

11. Defendant has served the Clerk of the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, with a true and correct copy of the Notice Of Removal, pursuant to 28 U.S.C.A. §1446(b).

12. Removal is being filed in the Fort Lauderdale Division of the United States District Court for the Southern District of Florida because Broward County, Florida, where this action was originally filed is within this Southern District.

13. Plaintiffs' initial venue selection, in Broward County, Florida is improper and inconvenient, which objections Defendant expressly preserves. This removal is without prejudice for Defendant to later transfer this action to the proper and/or a more convenient venue.

14. There are no pending motions which may require action by this Court. A true and legible copy of all process, pleadings, orders, and other papers or exhibits of every other kind, including depositions, on file in the State Court action have been attached as additional Exhibits hereto.

15. The allegations set forth in this Notice Of Removal are true and correct to the best of the knowledge and belief of the undersigned attorney, and have been

made after reasonable inquiry.

16. The undersigned counsel is an attorney of record for Defendant REV and has been specifically authorized to act on its behalf in removing this case to the United States District Court, Southern District of Florida, Fort Lauderdale Division. Further, the undersigned counsel is a fully licensed attorney in the State of Florida, and is authorized to practice in the United States District Court, Southern District of Florida.

WHEREFORE, the Petitioner/Defendant REV hereby files this notice of removal and petitions this Court for the entry of an order removing this cause from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and which further enjoins prosecution by the Respondent/Plaintiff, Mathew Wheeler and Cindy Wheeler, in the Circuit Court proceedings below, and which further directs that the State Court action shall proceed no further.

RESPECTFULLY submitted this _____ day of _____, 2023.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on  July 11            , 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and via U.S. Mail to: John Sczepanski, Esq./Kirsten Brown, Esq., kirsten@timothyabeel.com, 14261 Commerce Way, Suite 205, Miami Lakes, FL 33016, john@timothyabeel.com.

*s/W. Scott Powell*
W. SCOTT POWELL, ESQUIRE
Florida Bar Number:  798886
POWELL LAW,  LLP
280 West Canton Avenue, Suite 250
Winter Park, FL  32789
(407) 647-5551
Attorneys for Defendant REV
Spowell@powell-law.net